UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ALBERT TAN,                                                              DKT#: 15-CV 3326 (LG)(CLP)

                     Plaintiff,                    **SECOND AMENDED COMPLAINT**

  - against -

                                                                    JURY TRIAL DEMANDED

                                                                    ECF CASE

CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT and
Sergeant ALBERT CABELLO (Shield 02759),
POLICE OFFICER MARIO MAZIER (11929),
POLICE OFFICER EDGARDO DIAZ (09558)
POLICE OFFICER TIMOTHY NEIS (27545), and
POLICE OFFICER "JOHN DOE",
individually and in their official capacity
(the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

                     Defendants.
-----------------------------------------------------------------------x

       Plaintiff, ALBERT TAN, by their attorney, SOPHIA SOLOVYOVA, Esq, complaining of the defendants, respectfully set forth and allege that:

## INTRODUCTION

1. Plaintiff bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiff's civil rights under the said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the provisions of 42 USC 1983, 42 U.S.C § 1985(3) and the First, Fourth, Fifth, Eighth, and Fourteenth Amendment to the Constitution of the United States.

3. Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C § 1988 and 42 U.S.C § 2000, which authorize the award of attorney's fees and costs to the prevailing parties pursuant to 42 U.S.C § 1983.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, in that this is a civil suit arising under the Constitution of the United States.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343(a), in that this action seeks to redress the deprivation, under color of state law, of rights secured to Plaintiff by the First, Eight and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

## VENUE

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that Plaintiff resides within this District as well as the fact that this is the District in which the claim arose.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff, ALBERT TAN, is a citizen of the United States, and at all relevant times resident of the City and State of New York.

9. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

10. The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York

State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

11. That at all times hereinafter mentioned, the individually named defendants, Sergeant Albert Cabello, PO Mario Mazier, PO Edgardo Diaz, and PO Timothy Neis were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

12. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

13. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

14. Upon information and belief, Defendant Police Officer John Doe, a natural person, was an employee of Defendant City and is being sued individually and in his or her official capacity.

## FACTUAL ALLEGATIONS

II. Plaintiff's arrest on June 12, 2013

15. On or about June 12, 2013, at about 11pm, Plaintiff ALBERT TAN and his son Christian Tan came to 791 Manor Road, Staten Island, N.Y. 10314, the residence of Christian Tan.

16. In the lobby of the building, Albert Tan and Christian Tan encountered a trespasser who was behaving erratically.

17. Albert Tan and Christian Tan told the trespasser that he had to leave the building and escorted him out onto the street.

3

18. When Albert Tan and Christian Tan stepped outside the building, a marked police van with three police officers inside pulled up to the entrance.

19. Sergeant Cabello, PO Mazier, and PO Diaz of the 122nd Precinct, exited the van with their guns drawn at Albert Tan and Christian Tan.

20. Sgt. Cabello walked up to Albert Tan, placed the muzzle of his gun to Mr. Tan's head, and yelled, "Get down on the ground!"

21. Albert Tan raised his hands and asked Sgt. Cabello what he was being detained for.

22. Sgt. Cabello grabbed Albert Tan by the neck, saying "If you don't get on the ground I will blow your head off."

23. Albert Tan lay down on the ground face down and placed his hands behind his back.

24. Defendant PO Diaz was pointing his gun at Christian Tan and ordered him to lie down on the ground face down.

25. PO Diaz treated Christian Tan in an aggressive manner. Alarmed that PO Diaz was about to hit Christian Tan in the head with his foot, Albert Tan asked PO Diaz, "Are you going to kick my son in the face? I am his father!"

26. Sgt. Cabello said to Albert Tan, "Get up!" and placed handcuffs very tightly on Albert Tan, so that his wrists became numb and had indentation marks from the handcuffs.

27. Sgt. Cabello and PO Reyes placed Albert Tan inside the police van and kept him there handcuffed for close to two hours.

28. Albert Tan repeatedly inquired why he was being arrested.

29. On information and belief, PO Diaz or PO Mazier told Albert Tan: "Calm down. We are going to release you with a summons, and you will go to court and get it dismissed."

4

30. The Plaintiff was eventually released with a Desk Appearance Ticket (DAT) for disorderly conduct (NYPL 240.20.01).

31. Plaintiff's detention and prosecution by defendant police officers was without probable cause and was conducted with malice.

32. On or about 10/08/2013 Plaintiff Tan's DAT was dismissed by the Judge in Criminal Court.

33. The Plaintiff experienced pain from the handcuffs for a few days after the arrest.

34. The Plaintiff was deeply embarrassed and humiliated by the experience and to date, the Plaintiff suffers from memories of humiliation.

II. Plaintiff's arrest on August 2, 2014

35. On or about August 2, 2014, Plaintiff, his wife and children, approached police officer Timothy Neis, shield 27545, and asked for the name of Sgt Albert Cabello in order to file a complaint with CCRB against him and the other officers of the 122nd Precinct for multiple instances of harassment of various members of Plaintiff's family.

36. Officer Timothy Neis dialed his supervisor, Sgt Cabello from his cell phone and informed him that Plaintiff was asking for his name in order to make a report to CCRB.

37. On information and belief, Sgt Cabello, instructed Officer Neis to arrest Plaintiff immediately on an alleged open bench warrant.

38. Officer Neis handcuffed Plaintiff and searched him by patting the outside of his clothes as well as performing an illegal and humiliating digital cavity search of Plaintiff on the street in plain view of the members of his family and community.

39. Plaintiff was driven to the precinct where he spent the night and saw the judge in the morning.

5

40. On information and belief, Plaintiff did not have any outstanding warrants.

41. His last criminal conviction was in 1988.

42. Furthermore, Plaintiff's previous arrest on June 12, 2013 did not register any outstanding warrants.

43. The misdemeanor complaint signed by officer Neis listed two unrelated charges, both of which were added at the precinct by Sgt Cabello.

44. One, Criminal Trespass, alleged that at midnight on June 18, 2014 at (a full month and a half prior to the instant arrest), Sgt Cabello saw Plaintiff on a roof of a NYCHA building informing Cabello that he was recording Sgt Cabello performing an arrest.

45. The second charge, also added by Cabello inside the precinct, alleged that Plaintiff made a threatening statement to Sgt Cabello inside the precinct which caused Cabello annoyance and alarm.

46. Plaintiff made numerous appearances in court for over one year ready for trial, however, Sgt Cabello was continuously unavailable.

47. Eventually, on August 11, 2015, Plaintiff's case was adjourned in contemplation of dismissal and was dismissed and sealed pursuant to CPL 170.55 a day later, on August 12, 2015.

48. As a result of the foregoing, the Plaintiff sustained inter alia, pain, suffering, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of their residence, loss of use and enjoyment of their property, incurred monetary costs, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
### MONELL

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

50. On information and belief, prior to and including June 12, 2013, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

51. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

52. On information and belief, it was the policy and/custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause them injury and violate their state and federal constitutional rights.

53. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the Plaintiff herein.  Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

7

54. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

55. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City and were the cause of the violations of the Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. 1981.

56. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries and claims damages under 42 U.S.C. 1983 for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

58. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

59. All of the aforementioned acts deprived Plaintiff ALBERT TAN of rights, privileges and immunities guaranteed to citizens of the Untied states by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the Untied States of America and in violation of 42 U.S.C. 1983.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York Police Department, all under the supervision of ranking officers of said department.

62. Defendants collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

THIRD CLAIM FOR RELIEF
FALSE AND RETALIATORY ARREST UNDER 42 U.S.C. 1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

64. As a result of defendants' aforementioned conduct, the Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

65. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 USC 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

67. Defendants were directly involved in the initiation and continuation of criminal proceedings against ALBERT TAN.

68. Defendants lacked probable cause to initiate and continue criminal proceedings against ALBERT TAN.

69. Defendants acted with malice in initiating and continuing criminal proceedings against ALBERT TAN.

70. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in ALBERT TAN's favor when all criminal charges against him were dismissed.

71. As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

73. Defendants issued legal process to detain Plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

74. Defendants' actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

75. Defendants acted with intent to do harm to ALBERT TAN without excuse or justification.

76. As a result of the foregoing, the Plaintiff's liberty was restricted for an extended period of time and the plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

SIXTH CLAIM FOR RELIEF
CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 USC 1985

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

78. Each and all of Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. 1985, for which the defendants are individually liable.

SEVENTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY UNDER 42 USC 1983

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

80. Defendants, including CITY OF NEW YORK, Sergeant Cabello, PO Mazier, PO

Diaz, and PO Neis subjected Plaintiff to a false and retaliatory arrest, abuse of process, and malicious prosecution.

81. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto and pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York, under the supervision of ranking officers of the New York City Police Department.

82. The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, including but are not limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to false arrest;

    (e) Subjecting persons to malicious prosecution.

83. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

84. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights, for which the City of New York is liable.

<u>DAMAGES AND RELIEF REQUESTED</u>

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

86. All of the foregoing acts by defendants deprived ALBERT TAN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

87. WHEREFORE, Plaintiff demands judgment against the Defendants pursuant to the federal causes of action above, in the sum determined by a jury, in compensatory and punitive damages, plus attorney's fees, costs and disbursements of this action, and with interest at the legal rate from the date the cause of action accrued.

Dated: New York, NY
       January 29, 2016                     By:   _____/s/_____
                                                          Sophia Solovyova, Esq.
                                                          Attorney for the Plaintiff
                                                          65 Broadway, Suite 734
                                                          New York, NY 10006
                                                          (212) 379-6471